IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA for the use and benefit of JESSE BURKE | § § § | PLAINTIFF |
| v. | § § | CIVIL ACTION NO. 1:09CV817-LG-RHW |
| S&M AND ASSOCIATES, INC. and PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY | § § § § | DEFENDANTS |

### MEMORANDUM OPINION AND ORDER DENYING THE DEFENDANTS' MOTION TO DISMISS

**BEFORE THE COURT** is the Motion to Dismiss [5] filed by S&M Associates, Inc., and Pennsylvania National Mutual Casualty Insurance Company. Since the parties have relied on documents outside of the pleadings, the Court provided notice that the Motion will be converted to a Motion for Summary Judgement. *See* Fed. R. Civ. P. 12(d). The defendants argue that they are entitled to judgment as a matter of law concerning Jesse Burke's failure to give proper written notice pursuant to the Miller Act. Upon reviewing the submissions of the parties and the applicable law, the Court finds that a genuine issue of material fact exists regarding whether Burke had a direct contractual relationship with S&M, which would excuse him from providing notice. Thus, the Motion is denied.

#### FACTS

Jesse Burke, an electrician, filed this lawsuit pursuant to the Miller Act, seeking payment for his work on the VA Gulf Coast Veterans Health Care System project in Biloxi, Mississippi. S&M was the prime contractor on the project, and Pennsylvania National holds the payment bond for the project. The last work performed on the project was completed on December 29, 2008. (Ex. 1 to Pl.'s Resp.) Burke alleges that he is owed $55,350 in addition to a finance

charge of approximately 1.5 percent per month for his work on the project. (Compl. at 3). He claims that he provided written notice of his claim on June 24, 2009, and October 12, 2009. (Ex. 3 and 4 to Compl.) Burke argues that an amicable demand to Pennsylvania National was made on November 23, 2009, and that the bonding company responded, acknowledging the debt and requesting a twenty-day extension to respond to the claim. (Compl. at 4; Ex. 5 to Compl.)

S&M and Pennsylvania National have filed the present Motion, seeking dismissal of Burke's claims. The parties first dispute whether Burke was a subcontractor or a sub-subcontractor of S&M. If Burke is a direct subcontractor of S&M, no notice would be required under the Miller Act. 40 U.S.C. § 3133(b)(1),(2). However, if Burke is a sub-subcontractor with no direct contractual relationship with S&M, notice was required within ninety days of the completion of Burke's work on the project. 40 U.S.C. § 3133(b)(2). The parties also dispute whether Burke gave proper notice within ninety days, assuming that he was a sub-subcontractor.

### DISCUSSION

Any party to a civil action may move for summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law. Fed. R. Civ. P. 56. A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Celotex Corp.*, 477 U.S. at 324-25. The non-moving party may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a

genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

The Miller Act provides:

A person having a direct contractual relationship with a subcontractor but no contractual relationship, express or implied, with the contractor furnishing the payment bond may bring a civil action on the payment bond on giving written notice to the contractor within 90 days from the date on which the person did or performed the last of the labor or furnished or supplied the last of the material for which the claim is made. The action must state with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed.

40 U.S.C. § 3133(b)(2).

In his Complaint, Burke did not set forth his relationship with S&M, but he attached invoices and bid proposals that he submitted to S&M's subcontractor, Superior Business Solutions. None of his invoices or bid proposals were submitted directly to S&M, which supports S&M's contention that Burke was a subcontractor of Superior Business Solutions and thus had no direct contractual relationship with S&M. In addition, the task orders submitted for the project list S&M as the prime contractor, Superior Business Solutions as S&M's subcontractor, and Burke Electric as an intermediate subcontractor. (Ex. B, C, D, E to Defs.' Supp. Brief [13]). S&M claims that the reference to Burke as an "intermediate subcontractor" means that he was a subcontractor of Superior Business Solutions. Furthermore, S&M has provided an Affidavit signed by the owner and President of S&M, Darren Miles. (Ex. H to Defs.' Supp. Brief [13]). He states that Jesse Burke has never served as a direct employee or direct subcontractor of S&M. He also testifies that S&M was the prime contractor; Superior Business Solutions was the subcontractor; and Burke was the subcontractor of Superior Business Solutions. (*Id.*)

Burke relies on an October 20, 2009 letter that was sent to his lawyer by the Contracting Officer of the Department of Veterans Affairs to support his argument that he was a subcontractor of S&M. In this letter, the Contracting Officer stated, "Superior Business Solutions is a subcontractor to S&M and Associates on these projects, and S&M and Associates has submitted payrolls for Burke Electric for work under each of these projects." (Ex. 1 to Compl.) Burke has also provided an affidavit to the Court in which he claims that he was a co-contractor with Superior Business Solutions rather than its subcontractor. (Ex. 1 to Pl.'s Resp.) He states that he visited the site of the project and "met with the contractor, S&M, prepared a contract submission and submitted it together with the [Superior Business Solutions] submission." (*Id.*) He also relies on a letter from an attorney representing S&M, in which the attorney stated that Superior Business Solutions did not list Burke as a subcontractor on its Form 1413. (Ex. 2 to Pl.'s Resp.) The attorney also stated that Superior Business Solutions had indicated that it considered Burke an employee. (*Id.*)

In his affidavit, Burke states that he demanded payment during a conversation with S&M's project manager, Venessa Watkins, on March 18, 2009. He claims that S&M requested that he fax the following statement to S&M "in order to allow S&M to pay him with money that had been withheld on the SBS/Burke contract for the Veteran's Affairs Building project":

> I, Jesse Burke, will not hold S&M Associates accountable for any income that is owed by Superior Business Solutions. The money that is owed to me by Superior Business Solutions is for the work that I performed, as an employee for Superior Business Solutions, at the VA hospital in Biloxi, Mississippi.

(Ex. 3 to Pl.'s Resp.)

The majority of the documentary evidence presented to the Court, particularly the bid

proposals and invoices submitted through Superior Business Solutions, indicate to the Court that Burke was a sub-subcontractor that had no direct contractual relationship with S&M. However, Burke has claimed by affidavit that he was not Superior Business Solutions' subcontractor but a "co-contractor," which presumably is an assertion that he was S&M's direct subcontractor. Previously, Burke had claimed in a statement that he was an employee of Superior Business Solutions. As a result, there is evidence before the Court that Burke was an employee, a direct subcontractor of S&M, and a sub-subcontractor of S&M. This Court is not permitted to weigh the evidence or make a credibility determination while considering a motion for summary judgment. *See Orthopedic & Sports Injury Clinic v. Wang*, 922 F.2d 220, 223 (5th Cir. 1991). Therefore, a genuine issue of material fact exists regarding Burke's relationship with S&M. Since this Court cannot determine Burke's true relationship with S&M, it cannot reach the determinations of whether notice was required and whether notice was sufficient under the Miller Act.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss [5] filed by S&M Associates, Inc., and Pennsylvania National Mutual Casualty Insurance Company is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 4th day of August, 2010.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE