UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA
for the use and benefit of JESSE BURKE                                                                PLAINTIFF

VERSUS                                                                    CIVIL ACTION NO. 1:09CV817-LG-RHW

S&M AND ASSOCIATES, INC. et al                                                                      DEFENDANTS

**ORDER DENYING 12(b)(7) MOTION**

Before the Court is Defendants' [21] Motion for Relief under Federal Rules of Civil Procedure 12(b)(7) and 19 for Failure to Join an Indispensable Party.  This is a Miller Act case in which Plaintiff seeks to recover funds allegedly owed to him for work on a federal construction project.  He seeks recovery from the project's prime contractor, S&M and Associates, and its surety, Pennsylvania National Mutual Casualty Insurance Company (Pennsylvania National). S&M and Associates and Pennsylvania National argue in their motion that Superior Business Solutions, a sub-contractor to the project, should be added as an indispensable party.  S&M Associates employed Superior Business Solutions as a sub-contractor, who in turn employed Plaintiff.  S&M Associates then paid Superior Business Solutions over $20,000, which Plaintiff claims he is owed.  Defendants argue that the exclusion of Superior Business Solutions will prevent "complete relief among the existing parties" and leaves the Defendants at risk of paying twice under the relevant contract.

Rule 19(a) states that a party is necessary if

(1) in the person's absence complete relief cannot be according among those already parties, or

(2) the person claims an interest relating to the subject of the action and is so

situated that the disposition fo the action in the person's absence may

>  (i) as a practical matter impair or impede the person's ability to protect that interest or

>  (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest.

When faced with a motion under Rule 12(b)(7), the court will decide whether the absent party should be joined.  If it answers in the affirmative, the court will order the absent party to be brought into the action.  However, if the absent party cannot be joined, the court must determine whether to proceed without the absent party or to dismiss the action.  *See Hood v. City of Memphis, Tennessee*, 570 F.3d 625, 628-29 (5th Cir. 2009);  *HS Resources, Inc. v. Wingate*, 327 F.3d 432, 438-39 (5th Cir. 2003).  The party advocating joinder bears the initial burden of demonstrating that a missing party is necessary.  When an initial appraisal indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party opposing joinder.  *Hood*, 570 F.3d at 628; *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986).

At issue is whether Superior Business Solution is a necessary and indispensable party to Plaintiff's Miller Act lawsuit.  Defendants raise arguments that fall under two different sub-sections of Rule 19(a).  They argue under Rule 19(a)(1) that complete relief cannot be accorded among the existing parties and under Rule 19(a)(2)(ii) that Defendants are at substantial risk of incurring a double obligation unless Superior Business Solutions is added as a party.

The Court first turns to the question of whether "complete relief" can be accorded among the existing parties.  The Miller Act permits the supplier of labor and material on a federal

2

construction project to sue the surety on the payment bond. *See T.M.S. Mechanical Contractors v. Millers Mutual Fire Insurance Co. of Texas*, 942 F.2d 946, 949 (5th Cir. 1991). The supplier to subcontractors may recover from the general contractor's payment bond any unpaid amount due from the subcontractor. 40 U.S.C. § 270b(a); *J.D. Fields & Co., Inc. v. Gottfried Corp.*, 272 F.3d 692, 696 (5th Cir. 2001). Thus, the Miller Act permits a direct cause of action by a supplier, such as Plaintiff, against the prime contractor, or more precisely, against the prime contractor's surety. *See Henderson v. Nucon Construction Co.*, 49 F.3d 1421, 1423 (9th Cir. 1995)("all courts to consider the question have concluded that a surety alone may be sued by a subcontractor under the Miller Act"). The Miller Act specifically contemplates the aggrieved party bringing suit against the surety without reference to the subcontractor, who in this case would be Superior Business Solutions. *See CBC v. RCS Corp.*, 366 F.Supp.2d 332, 336 n.4 (D.S.C. 2005)(explaining that a Miller Act claim does not require additional subcontractor parties because "the Miller Act claim requires no consideration of the underlying subcontracts, or breaches thereof"). The Court concludes that complete relief between the existing parties can be achieved pursuant to the Miller Act even in the absence of Superior Business Solutions. *See Janney Montgomery Scott, Inc. v. Shepard Niles*, 11 F.3d 399, 405 (3d Cir. 1993)(explaining that Rule 19(a)(1) is limited to whether the court can grant complete relief to the existing parties and that "the effect a decision may have on the absent party is not material."). If Plaintiff were raising additional non-Miller Act claims, then the result may have been different. *See CBC*, 366 F.Supp.2d at 335-36.

Although Defendants argue that they would be at risk of paying twice under the contract, this portion of Rule 19 applies only if Superior Business Solutions "claims an interest relating to

the subject of the action". Fed. R. Civ. P. 19(a)(2); *see Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 49 (2d Cir. 1996). Defendants have made no showing that Superior Business Solutions claims an interest relating to the subject of the current lawsuit. The Miller Act claim is the sole subject of Plaintiff's complaint. While Superior Business Solutions may have withheld payments due to Plaintiff, it does not have any apparent claim or interest relating to Defendants' payment bond under the Miller Act.

     IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' [21] Motion for Relief is DENIED.

     SO ORDERED, this the 12th day of January, 2011.

                                               s/ *Robert H. Walker*
                                               UNITED STATES MAGISTRATE JUDGE